## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **ANDREW KATRINECZ and** | § | |
| **DAVID BYRD,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO. 2:08-cv-236** |
| | § | **JURY** |
| **ADESSO, INC.** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Andrew Katrinecz and David Byrd hereby file this their Original Complaint and Jury Demand against the above-captioned Defendants and in support thereof would respectfully show the Court as follows:

### I.  INTRODUCTION

1.      Plaintiffs bring this action to remedy Defendant's illegal actions, including willful and malicious infringement and misappropriation of Plaintiffs' intellectual property.  Defendant has not only infringed Plaintiffs' patents, it has copied verbatim, copyrighted material pertaining to Plaintiffs' inventions and used such language in the sale of Defendant's products.  Accordingly, Plaintiffs seek permanent injunctive relief and damages to redress the injuries they have suffered.

### II.      PARTIES

2.      Plaintiffs David Byrd and Andrew Katrinecz are individuals residing in Round Rock, Texas, and Shalimar, Florida, respectively.  Together they own all right, title and interest in United States Patent Nos. 6,199,996 and 7,284,872.

3.      Defendant Adesso, Inc. ("Adesso" or "Defendant"), is a corporation with its principal place

of business in California doing business in Texas.  It may be served with citation and a copy of this

Complaint by serving, via certified mail, return receipt requested, duplicate copies to the Texas

Secretary of State, as its agent for service.  Defendant Adesso, Inc.'s home office is located at 160

Commerce Way, Walnut, CA 91789.  The Texas Secretary of State is the agent for service of

process on Defendant Adesso, Inc. because it is a nonresident required by statute to designate or

maintain a resident agent or engages in business in Texas but has not designated or maintained a

resident for service of process.  In addition or in the alternative, the Texas Secretary of State is the

agent for service of process on Defendant Adesso, Inc. because it is a nonresident who engages in

business in Texas, but does not maintain a regular place of business in this state or a designated

agent for service of process, in this proceeding that arises out of its business done in this state and to

which it is a party.

4.      This is an action for patent infringement and copyright infringement arising out under the

laws of the United States.  *See, e.g.,* 35 U.S.C. §1, et seq.

5.      This Court has subject-matter jurisdiction under the claims set forth in this complaint

pursuant to 28 U.S.C. §§1331, 1338 (a).

6.      This Court has personal jurisdiction over Defendant because, among other things, Defendant

regularly does business in this judicial district and because Defendant has established minimum

contacts with the forum and the exercise of jurisdiction over Defendant will not offend traditional

notions of fair play and substantial justice.  On information and belief, Defendant designs,

manufactures and places infringing products (infringing both Plaintiffs' patents and copyrights) into

the stream of commerce with reasonable expectation and/or knowledge that the actual or potential

ultimate purchasers and users are located throughout the United States, including within this judicial

district.  On information and belief, Defendant has voluntarily conducted and solicited customers in

the State of Texas, including in this judicial district.  On information and belief, Defendant sells, advertises, markets and distributes infringing products throughout this judicial district.  Defendant has committed and continues to commit acts of patent and copyright infringement in this judicial district.

7.       Venue is proper in this judicial district under 28 U.S.C. §1391(b), (c) and 1400(b) because Defendants are subject to personal jurisdiction in the Eastern District as discussed in the preceding paragraph.

### III.  THE PATENTS-IN-SUIT

8.       Defendant has infringed and continues to infringe the following United States Patents issued to Plaintiffs:  6,199,996 and 7,284,872.

9.       United States Patent No. 6,199,996 ("the '996 Patent"), entitled "Low power, low cost illuminated keyboards and keypads," was duly and legally issued by the United States Patent and Trademark Office to Plaintiffs on March 13, 2001.  A copy of the '996 Patent is attached hereto as Exhibit A.

10.      United States Patent No. 7,284,872 ("the '872 Patent"), entitled "Low power, low cost illuminated keyboards and keypads," was duly and legally issued by the United States Patent and Trademark Office to Plaintiffs on October 23, 2007.  A copy of the '872 Patent is attached hereto as Exhibit B.

11.      The '996 and '872 patents are all valid and enforceable.

### COUNT 1 – INFRINGEMENT OF THE '996 PATENT

12.      Defendant has infringed, and is still infringing, literally and/or under the doctrine of equivalents, one or more claims of the '996 Patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of

the '996 Patent.

13.     Defendant has also contributed to and/or induced, and continue to contribute to and/or induce, the infringement of one or more claims of the '996 Patent, in at least this State and District.

14.     On information and belief, Defendant's infringement of one or more claims of the '996 Patent has taken place, with full knowledge of the '996 Patent and has been, and continues to be, willful, deliberate, and intentional.

15.     Defendant's infringement of one or more claims of the '996 Patent has injured Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate them for Defendant's infringement, which in no event can be less than a reasonable royalty.

16.     Defendant has caused Plaintiffs substantial damage and irreparable injury by its infringement of one or more claims of the '996 Patent, and Plaintiffs will continue to suffer damage and irreparable injury unless and until the infringement of Defendant is enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF THE '872 PATENT

17.     Defendant has infringed, and is still infringing, literally and/or under the doctrine of equivalents, one or more claims of the '872 Patent in at least this State and District by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '872 Patent.

18.     Defendant has also contributed to and/or induced, and continue to contribute to and/or induce, the infringement of one or more claims of the '872 Patent, in at least this State and District.

19.     On information and belief, Defendant's infringement of one or more claims of the '872 Patent has taken place, with full knowledge of the '872 Patent and has been, and continues to be, willful, deliberate, and intentional.

20.     Defendant's infringement of one or more claims of the '872 Patent has injured Plaintiffs, and

Plaintiffs are entitled to recover damages adequate to compensate them for Defendant's infringement, which in no event can be less than a reasonable royalty.

21.     Defendant has caused Plaintiffs substantial damage and irreparable injury by their infringement of one or more claims of the '872 Patent, and Plaintiffs will continue to suffer damage and irreparable injury unless and until the infringement of Defendants is enjoined by this Court.

## COUNT 3 – COPYRIGHT INFRINGEMENT

22.     Plaintiffs have applied for copyright registration for the following copyrightable works that Plaintiffs have authored, including the following authored by Plaintiffs about their invention:

> This eliminates the glare from task lighting, helps prevent eyestrain and makes the keys easy to see. In this day and age, when eyestrain from computing is so prevalent… many people have tried to remove the cause of the strain: THE GLARE. … has the potential to reduce symptoms of computer vision syndrome (CVS), such as eyestrain and headaches. In addition to improving night vision, EluminX™ enhances your computing environment by creating a relaxed, ambient atmosphere, conducive to working on those late night projects…!

23.     Defendant has copied verbatim this copyrighted work of Plaintiffs Andrew Katrinecz and David Byrd and published it on its website, using verbatim language:

> This eliminates the glare from task lighting, helps prevent eye strain and makes the keys easy to see. In this day and age, with eyestrain from computing is so prevalent… many people have tried to remove the cause of the strain: THE GLARE. … has the potential to reduce symptoms of computer vision syndrome (CVS), such as eyestrain and headaches. In addition to improving night vision, … enhances your computing environment by creating a relaxed, ambient atmosphere, conducive to working on those late night projects.

24.     Plaintiffs have applied for copyright registration of the authored work set forth in the preceding paragraph.  A copy of application for such copyright registration is attached hereto as Exhibit C.

25.     Defendant Adesso's CEO, Allen Ku, was even quoted in a press release using text that was copied verbatim from the Copyrighted Information of Plaintiff Andrew Katrinecz and published it

on its website, specifically noting that Defendant's product "improves night vision, … enhances the computing environment by creating a relaxed, ambient atmosphere, conducive to working on those late night projects…."

26.     Plaintiffs have further applied for copyright registration of other creative works authored by them; such application for registration is attached hereto as Exhibit D.  (Exhibits C and D, collectively as "Copyrighted Information").   In selling their products, Defendant has copied the following from Plaintiffs' Copyrighted Information:

> (1) "puts the light only where is needed, on your …keyboards…."; and (2) "In this day and age where eyestrain from computing is so prevalent …, many people have tried to remove the cause of the strain: THE GLARE. The product has the potential to relieve or at the very least reduce symptoms of computer vision syndrome (CVS), such as eyestrain and headaches."

*See* Exhibit E.

27.     Defendant is distributing, marketing and using documentation that is substantially similar to the Copyrighted Information.  Defendant has knowingly and intentionally copied the Copyrighted Information and have knowingly and intentionally used, marketed and distributed the Copyrighted Information in furtherance of their business.

28.     Plaintiffs did not give permission to or otherwise authorize Defendants to copy the Copyrighted Information.

29.     Defendant engaged in such copying knowing that they did not have the legal right to do so and in disregard of Plaintiffs' rights.

30.     Defendant's acts constitute copyright infringement in violation of 17 U.S.C. §§106 and 507.

31.     Pursuant to 17 U.S.C. §502, Plaintiffs are entitled to permanent injunctive relief to prevent further damage to them and to prohibit Defendant from further violations of the Copyright Act.

32.     Pursuant to 17 U.S.C. §504, Plaintiffs are entitled to an award of damages resulting from

33.     Pursuant to 17 U.S.C. §504, Plaintiffs are also entitled to disgorgement of all profits received

by Defendant from use of the Copyrighted Information.

34.     Plaintiffs also request and are entitled to an order pursuant to 17 U.S.C. §503 requiring the

impounding and destruction of all copies and products by Defendant made or used in violation of

Plaintiffs' copyrights and all matters by means of which such copies may be reproduced.

**PRAYER**

35.     WHEREFORE, Plaintiffs pray for the following relief:

(a)     Defendant Adesso, be summoned to appear and answer;

(b)     Plaintiffs be granted judgment against Defendant Adesso;

(c)     The Court enter a judgment that Defendant Adesso has infringed, contributorily
        infringed, and/or induced the infringement of U.S. Patent Nos. 6,199,996 and
        7,284,872, and continues to infringe, contribute to the infringement of and/or induce
        the infringement of U.S. Patent Nos. 6,199,996 and 7,284,872.

(d)     The Court enter a judgment that Defendant Adesso's infringement of U.S. Patent
        Nos. 6,199,996 and 7,284,872 was willful and continues to be willful.

(e)     The Court enter permanent injunction enjoining Defendant Adesso, their officers,
        directors, servants, consultants, managers, employees, agents, attorneys, successors,
        assigns, affiliates, subsidiaries, and all persons in active concert or participation with
        any of them, from infringement, contributory infringement, and inducement of
        infringement of the '996 Patent and the '872 Patent, including but not limited to
        making, using, offering to sell, selling, or importing any products that infringe,
        literally or under the doctrine of equivalents, the '996 Patent and the '872 Patent;

(f)     The Court enter an award to Plaintiffs of all damages adequate to compensate
        Plaintiffs for Defendant Adesso's infringement, contributory infringement, and/or
        inducement of infringement, such damages to be determined by a jury and, if
        necessary, an accounting of all damages;

(g)     The Court award pre-judgment and post-judgment interest as allowed by law;

(h)     The Court enter an award of increased damages in an amount not less than three
        times the amount of damages awarded to Plaintiffs for Defendant Adesso's willful
        infringement of the '996 Patent and the '872 Patent;

(i)     The Court enter a declaration that this is an exceptional case under 35 U.S.C. §285 and enter an award of the reasonable attorney's fees, costs, and expenses incurred by Plaintiffs in this action;

(j)     The Court issue a permanent injunction against Defendant Adesso, enjoining their infringement of Plaintiffs' Copyrighted Information;

(k)     The Court award to Plaintiffs and against Defendant Adesso actual damages in an amount to be determined at trial, and that such damages be trebled under 15 U.S.C. §1117;

(l)     The Court award to Plaintiffs and against Defendant Adesso Defendant's profits;

(m)     The Court award to Plaintiffs and against Defendant Adesso Plaintiffs' reasonable attorneys' fees and expenses of litigation on all costs of this action; and

(n)     The Court grant Plaintiffs such further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**TAYLOR, DUNHAM & BURGESS, L.L.P.**
301 Congress Ave., Suite 1050
Austin, Texas  78701
512.473.2257 Telephone
512.478.4409 Facsimile

By:     /s/ Michael C. Smith___
        David E. Dunham
        State Bar No. 06227700
        Steven D. Urban
        State Bar No. 24028179

Michael C. Smith
State Bar No. 18650410
**SIEBMAN, REYNOLDS, BURG, PHILLIPS & SMITH, LLP - MARSHALL**
713 South Washington Avenue
Marshall, Texas  75670
903.938.8900 Telephone
972.767.4620 Facsimile

**ATTORNEYS FOR PLAINTIFFS**